Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 1153 | **DATE** | 7/6/2004 |
| **CASE TITLE** | BOURKE, ET AL vs. ST. JOHN, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendant St. John's motion to dismiss is denied. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUL 1 3 2004 | |
| ✓ | Docketing to mail notices. | | date docketed | 9 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| DW | courtroom deputy's initials | 2004 JUL 12 PM 6:31 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUL 1 3 2004

MARY BOURKE and CHARLES HOOD,

Plaintiffs,

v.

VILLAGE OF TINLEY PARK and PAT ST. JOHN,

Defendants.

No. 04 C 1153
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

On November 7, 2003, Defendant Officer Pat St. John secured a warrant to search the residence of Shane Bourke at 17630 S. Highland Ave. for drugs and drug paraphernalia. At approximately 8:30 p.m. on that same day, St. John and other officers entered and searched the first floor of the residence, where Plaintiffs Mary Bourke and Charles Hood reside, and the second floor, where Shane Bourke resides. Mary Bourke and Charles Hood allege that St. John entered and searched their home without a proper warrant or probable cause, the warrant for 17630 S. Highland Ave. being insufficient to support entry to their apartment. They further allege that the single family residence at the address is actually a separate and multi-unit dwelling with two apartments that are not connected internally and have separate entrances.

As a result of this incident, Bourke and Hood have brought a four-count civil rights suit against the Village of Tinley Park and St. John. Counts I and II, against St. John only, allege deprivation of rights in violation of the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983, namely, to be free from a warrantless, illegal entry and search of their home and to be free from illegal seizures and excessive force. Counts III and IV allege violations of Illinois law



by both Tinley Park and St. John. Plaintiffs seek compensatory and punitive damages on all counts and court costs and attorney's fees on Counts I and II pursuant to 42 U.S.C. § 1988. Pursuant to Federal Rule of Civil Procedure 12(b)(6), St. John moves to dismiss Count I, which alleges illegal entry and search of Plaintiffs' home.

A motion for dismissal of a § 1983 suit under Rule 12(b)(6) is a "delicate matter that district courts should approach carefully." *Jacobs v. City of Chicago*, 215 F.3d 758, 765 n.3 (7th Cir. 2000). In reviewing a Rule 12(b)(6) motion to dismiss, I must examine the sufficiency of Plaintiffs' Complaint rather than the merits of their lawsuit. *See Triad Assoc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989). I should grant the motion only if they cannot offer facts that would entitle them to relief. *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 432 (7th Cir. 1993). In reviewing the sufficiency of their Complaint, I must draw all inferences and resolve all ambiguities in the Plaintiffs' favor and assume that all well-pleaded facts are true. *See Dimmig v. Wahl*, 983 F.2d 86, 87 (7th Cir. 1993).

In moving to dismiss Count I, St. John claims: (1) that Plaintiffs did not state an allegation required to support their § 1983 claim, namely that St. John knew or should have known that the warrant at issue was inaccurate or invalid because their residence at 17630 South Highland Avenue was a multi-family dwelling, and (2) that absent such an allegation, St. John is entitled to qualified immunity. Qualified immunity generally shields government officials performing discretionary functions from liability for civil damages as long as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity

2

applies unless the conduct alleged in the complaint, viewed in the light most favorable to the plaintiff, sets forth a constitutional violation and the constitutional right at issue was clearly established at the time of the alleged violation. *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001). The dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct violated that right. *Jacobs*, 215 F.3d at 766 (quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987)); *see also Saucier*, 533 U.S. at 202; *Wilson v. Layne*, 526 U.S. 603, 615 (1999). If Supreme Court precedent and Seventh Circuit decisions had not put the officer on notice that his conduct would be unlawful, then qualified immunity must apply. *See Saucier*, 533 U.S. at 202 (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)); *Jacobs*, 215 F.3d at 767. But if an officer makes a reasonable mistake about what the law requires, he is nevertheless entitled to immunity. *Saucier*, 533 U.S. at 205; *see also Hunter v. Bryant*, 502 U.S. 224, 229 (1991).

Furthermore, qualified immunity is a defense to suit, not just to liability. *Saucier*, 533 U.S. at 200. The issue should be considered at the earliest possible opportunity. *Id.*; *see also Jacobs*, 215 F.3d at 765 n.3; *Crawford-El v. Britton*, 523 U.S. 574, 598-99 (1998). While the Seventh Circuit has held that qualified immunity may be decided as early as a Rule 12(b)(6) dismissal, it noted that it must be on the basis of the facts alleged in the complaint only. *See Jacobs*, 215 F.3d at 765 n.3, 766. While St. John is entitled to assert a defense of qualified immunity, he is not entitled to have the court consider the defense at this stage of the proceedings if facts outside the complaint are needed in order to do so. *See Jacobs*, 215 F.3d at 774-75 (Easterbrook concurring); *cf. Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). Moreover, existence of qualified immunity usually depends on the particular facts of the case. *Id.* at 765.

3

This case is no different. The dispositive question of whether St. John is entitled to qualified immunity depends on whether he knew or should have known that his conduct in searching Bourke and Hood's apartment violated the law. I could only determine this by considering facts outside of the complaint. I am therefore obligated either to ignore the facts extraneous to the complaint that St. John included in his Memorandum or to convert his motion to one for summary judgment and provide both parties an opportunity to submit supplemental materials. *See id.* at 766; Fed. R. Civ. P. 12(b). Given the specific nature of the facts potentially at issue here, I think it prudent not to convert the motion into a Rule 56 motion. Accordingly, I will consider only the sufficiency of the allegations made in the complaint itself in determining whether it states a claim upon which relief may be granted.

First, Plaintiffs sufficiently allege in the complaint that St. John's conduct amounted to a constitutional violation. They claim that the dwelling at 17630 South Highland Ave. is a multi-unit dwelling with separate entrances to the first and second floor apartments, which are not connected inside the building and for which Plaintiffs and Shane Bourke have separate leases. They allege that St. John did not have probable cause to search the entire structure. At the time that St. John entered and searched Plaintiffs' home, it was well-established that probable cause to search one apartment in a multi-unit building does not support a warrant authorizing a search of the entire building. *See Jacobs*, 215 F.3d at 767; *United States v. Butler*, 71 F.3d 243, 248 (7th Cir. 1995); *Maryland v. Garrison*, 480 U.S. 79, 85 (1987); *United States v. Hinton*, 219 F.2d 324, 326 (7th Cir. 1955). A warrant authorizing a search of an entire multi-unit building is "fatally defective 'when the warrant authorizes the search of an entire structure and the officers do not know which unit contains the evidence of illegal conduct.'" *Jacobs*, 215 F.3d at 767 (quoting *United States v.*

4

*Johnson*, 26 F.3d 669, 694 (7th Cir. 1994)). If, however, the officer knows there are multiple units and believes there is probable cause to search each unit, or if the subjects of the warrant have access to the entire structure, then the warrant would be valid. *Johnson*, 26 F.3d at 694. Yet, even if a warrant for a building's address is found to be valid at the time it was issued, its execution may amount to a constitutional violation if the officers discover after its issuance that the house is a multi-unit structure and neither of the exceptions above apply. *See Jacobs*, 215 F.3d at 769.

Second, Plaintiffs sufficiently allege facts from which I can reasonably infer, when taking them in a light most favorable to the Plaintiffs, that a reasonable officer would have known, after arriving to search the house pursuant to the warrant, that there were two apartments and searching both would violate established law. *See Jacobs*, 215 F.3d at 769. The complaint does not indicate whether or not Shane Bourke had access to both apartments, and without additional information, I cannot yet determine that St. John was reasonable in believing that his actions were consistent with clearly established law. Consequently, I find that Plaintiffs sufficiently alleged facts in support of their claim against St. John, and I cannot at this time determine whether St. John is entitled to qualified immunity.

For the reasons stated above, St. John's Motion to Dismiss is DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 6 July 2004